UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY LINDSAY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 18-17581 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On December 11, 2018, Petitioner, Anthony Lindsay, filed his initial motion to vacate sentence in this matter. (*See* Document 2 attached to ECF No. 1 at 2).

2. Because Petitioner did not use the required form, this Court administratively terminated this matter on January 30, 2019. (ECF No. 3).

3. Over five months later, at the request of Petitioner's former defense counsel, this Court granted Petitioner a final thirty-day extension of time within which to refile his motion in accordance with the administrative termination order. (ECF No. 5). Petitioner thereafter filed his amended motion to vacate sentence on or about July 19, 2019. (ECF No. 6 at 13).

4. Following the filing of the amended complaint, this Court screened Petitioner's complaint pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and entered an order directing Petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 7). This Court explained as follows:

> As Petitioner appeared to acknowledge in his petition, his § 2255 is almost certainly time barred. Motions to vacate sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his

motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Because Petitioner's claims are not based on a newly recognized right, nor does Petitioner present any evidence that the facts supporting his claim were not discoverable or that any impediment prevented him from raising his claims, Petitioner's statute of limitation runs from the date on which his conviction became final. *Id.* Where a petitioner files a direct appeal, but does not file a petition for certiorari, that petitioner's conviction becomes final ninety days after the order of the Court of Appeals dismissing his appeal, when the time for the filing of a petition for certiorari has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).

In his underlying criminal matter, Petitioner pled guilty in February 2010 and was ultimately sentenced on April 7, 2011. (ECF No. 1 at 1; Docket No. 07-1032 at ECF Nos. 58, 78). Petitioner appealed, and the Third Circuit affirmed via an order granting the Government's motion for a summary affirmance on June 20, 2012. (Docket No. 07-1032 at ECF No. 95). Because Petitioner did not file a petition for certiorari, his conviction became final ninety days later on September 18, 2012. His one-year limitations period began to run on that date, and, absent some basis for equitable tolling of the limitations period, expired in September 2013, more than five years before Petitioner filed his initial motion in this matter.[1]

Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

---

[1] In his amended petition, Petitioner references having filed another § 2255 motion, but claims it was filed in his criminal docket. No § 2255 motion was filed on that docket, and Petitioner asserts no decision was ever issued, so it appears that he is merely referencing the initial motion he filed in this matter which was administratively terminated in January 2019.

In his motion and amended motion, Petitioner fails to set forth any basis for equitable tolling, and this Court perceives no such basis from the facts presented. Thus, Petitioner's motion to vacate sentence appears to be well and truly time barred, and Petitioner will be required within forty-five days to show cause why his petition should not be dismissed. Should Petitioner fail to meet this deadline or fail to show cause, his petition shall be dismissed with prejudice as time barred.

Finally, the Court notes that, without further explanation, Petitioner asserts in his motion that he should be permitted to evade the time bar because he believes he is raising claims for structural errors and "structural error holds no limitation." Petitioner provides no caselaw in support of such an assertion, and this Court is aware of none. Indeed, what little caselaw exists suggests that structural errors are not immune to the statute of limitations. *See, e.g., Dedona v. United States*, No. 08-2046, 2009 WL 2778386, at *4-5 (D.N.J. Aug. 31, 2009) (rejecting argument that structural errors could proceed regardless of timeliness and finding motion alleging structural errors time barred); *see also Montes v. Nash*, 179 F. App'x 824, 825 (3d Cir. 2006) (inability to raise a structural error claim which is procedurally barred under § 2255 insufficient to permit a petitioner to evade the second or successive motion bar). That Petitioner believes the errors he alleges are structural in nature is immaterial – that distinction has no bearing on whether Petitioner had ample opportunity to file a timely motion to vacate sentence – which it fully appears he had – and whether his current motion should be dismissed as time barred. Petitioner's motion appears to be well and truly time barred by more than five years, and absent a sufficient showing of cause, will be dismissed.

(ECF No. 7 at 1-4).

5. On August 28, 2019, Petitioner filed a response to the order to show cause. (ECF No. 8). In his response, Petitioner argues that, because his claims are constitutional in nature, the burden should be placed on the Government to prove they were harmless beyond a reasonable doubt regardless of any time bar issues, relying on *Chapman v. California*, 386 U.S. 18 (1967). Petitioner also argues that § 2255 motions should not be subject to a time bar, relying on pre-AEDPA cases. Finally, Petitioner suggests, if not argues, that the Court's screening order is

indicative of bias and that it should be the Government, and not the Court, who presents any time bar issue.

6. Turning first to Petitioner's contention that the Court's screening is somehow indicative of bias or the Court acting on the Government's behalf, Petitioner is mistaken. Although Petitioner argues that the Government, and not a judge, should identify the deficiencies in his motion to vacate, he completely ignores the fact that this Court is *required* by Rule 4 of the Rules Governing Section 2255 Proceedings to screen all motions to vacate sentence. Indeed, the Rule specifically states that the "judge who receives the motion *must* promptly examine it [and, i]f it plainly appears . . . that the moving party is not entitled to relief, the judge *must* dismiss the motion." Rule 4(b) (emphasis added). Pursuant to this Rule, this Court must "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The time bar issue this Court raised in its screening order was patently obvious from the face of Petitioner's motion and the records of his underlying criminal proceedings. Thus, under Rule 4(b), this Court was required to screen Petitioner's motion to vacate sentence and dismiss it as the time bar issue was apparent from the face of Petitioner's motion. That screening, and the ultimate dismissal of his motion to vacate as time barred in no way evinces prejudice or bias, nor the appearance of such, and any request by Petitioner that this Court recuse or otherwise decline to dismiss his clearly time barred motion to vacate sentence is denied. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167-68 (3d Cir., 2004) (recusal only required where a judge's impartiality may reasonably questioned, and this generally only occurs where the judge expresses beliefs or opinions involving an extrajudicial factor or the judge acts in a manner displaying "a deep-seated favoritism or antagonism that would make fair judgment impossible"). Petitioner's

unsupported and base allegation of bias based on this Court taking actions *required* of it is therefore no basis for either recusal or for permitting Petitioner to evade the time bar in this case.

7. Turning to Petitioner's arguments, this Court first notes that *Chapman v. California*, which Petitioner relies upon to argue that the Government should be required to prove beyond a reasonable doubt that his constitutional claims were harmless is generally inapplicable to habeas review. *See, e.g., Brecht v. Abrahamson*, 507 U.S. 619, 637- 638 (1993). In a habeas petition, non-structural errors will not warrant habeas relief unless the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* Thus, unless a petitioner can show a substantial and injurious effect, his non-structural error claims will not merit habeas relief, regardless of the Government's arguments. *Id.* Petitioner's assertion that the Government must prove beyond a reasonable doubt the harmlessness of his claims thus completely overlooks *Brecht* and the fact that Petitioner is subject to a final judgment and is no longer entitled to the presumption of his innocence. Even were this not the case, however, the issue is utterly immaterial – if Petitioner's motion to vacate sentence is time barred, even his potentially meritorious claims are subject to dismissal, and thus it matter not which harmlessness standard applies, especially in light of the fact that Petitioner claims structural errors, to which harmlessness standards are inapplicable. As this Court explained above, however, there is no case law which supports Petitioner's claim that his structural error claims are not subject to the § 2255(f) time bar, and Petitioner's motion must therefore be dismissed as time barred if Petitioner cannot show some basis for tolling.

8. In his final argument, Petitioner asserts that he should be permitted to proceed because there is no time bar which would block his claims. Petitioner reaches this conclusion, however, by relying on cases decided *before* Congress adopted the one year limitations period in 1996. (*See* ECF No. 8 at 3, citing *Nahodi v. United States*, 36 F.3d 323, 328 (3d Cir. 1994); *United States v.*

*Cariola*, 323 F.3d 180, 183 (3d Cir. 1963)). Petitioner's reliance on these cases is utterly misplaced – once Congress adopted AEDPA in 1996 and imposed the one year time limitation now found in 28 U.S.C. § 2255(f), the previous rules permitting later filing no longer applied. *See Kapral*, 166 F.3d at 567. As Petitioner's habeas petition was filed more than twenty years after the application of § 2255(f), his motion is subject to the one year statute of limitations. Because Petitioner's motion is clearly time barred under that statute, and as Petitioner has utterly failed to provide any basis for tolling the limitations period or otherwise evading application of the time bar, his motion is dismissed with prejudice.

9. Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not debate that Petitioner's motion to vacate is clearly time barred, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

10. In conclusion, Petitioner's amended motion to vacate sentence (ECF No. 6) is DISMISSED WITH PREJUDICE as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge